# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CLINTON G. O'CONNOR and
DAPHNE E. O'CONNOR,

       Plaintiffs,

   v.

WELLS FARGO BANK,
NATIONAL ASSOCIATION;
JPMORGAN CHASE BANK, N.A.;
and MCCALLA RAYMER, LLC;

       Defendants.

CIVIL ACTION FILE NO.

1:12-cv-02525-RWS-RGV

## MAGISTRATE JUDGE'S FINAL ORDER AND
## REPORT AND RECOMMENDATION

Defendants Wells Fargo Bank, National Association ("Wells Fargo"),

JPMorgan Chase Bank, N.A. ("JPMorgan"), and McCalla Raymer, LLC ("McCalla"),

collectively referred to as "defendants," have moved to dismiss the complaint filed

by *pro se* plaintiffs Clinton G. O'Connor ("Clinton") and Daphne E. O'Connor

("Daphne"), collectively referred to as "plaintiffs," [Docs. 4 (Wells Fargo and

JPMorgan's motion) & 7 (McCalla's motion)], which plaintiffs oppose, [Doc. 10 at

7-9; Doc. 15].[1]  In their response to defendants' motions to dismiss, plaintiffs have

---

[1] Plaintiffs' responses, [Docs. 10, 15], were not timely filed, having been submitted on September 6, 2012, and October 23, 2012, respectively, long past the time allowed for filing a response.  See LR 7.1B, NDGa. (requiring that "[a]ny party opposing a motion shall serve the party's responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion").  Accordingly, the Court could decline to consider plaintiffs' untimely

also moved for appointment of counsel or a special master, [Doc. 10 at 1-7, 9], which defendants oppose, [Doc. 13]. Plaintiffs have also filed an emergency request for a preliminary injunction. [Doc. 14]. For the following reasons, plaintiffs' motion to appoint counsel or special master, [Doc. 10], is **DENIED**, and it is **RECOMMENDED** that plaintiffs' emergency request for a preliminary injunction, [Doc. 14], be **DENIED**, that defendants' motions to dismiss plaintiffs' complaint, [Docs. 4 & 7], be **GRANTED**, and that plaintiffs' complaint be **DISMISSED**.[2]

---

responses. See LR 7.1F, NDGa. ("The court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules."). However, in light of plaintiffs' *pro se* status and since defendants have not objected to the responses as untimely, the Court has considered the arguments and material presented in plaintiffs' responses even though plaintiffs have not sought leave of the Court to file the responses out of time. See Parks v. Doan, Civil Action No. 1:06-CV-1885-TWT, 2008 WL 660321, at *2 n.4 (N.D. Ga. Mar. 4, 2008), adopted at *1; Craven v. United States, 70 F. Supp. 2d 1323, 1327-28 (N.D. Ga. 1999).

[2] Defendants have also each filed a motion to stay. [Docs. 6 & 8]. In these motions, defendants request that the Court stay the parties' obligations to participate in discovery until after the Court rules on the motions to dismiss. See generally [Docs. 6 & 8]. For good cause shown, the defendants' motions to stay, [Docs. 6 & 8], are **GRANTED** and the parties' obligations to comply with the deadlines for conducting a Rule 26(f) conference, serving initial disclosures, and filing a joint preliminary report and discovery plan are stayed pending the District Court's review of this Report and Recommendation on defendants' motions to dismiss.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of foreclosure proceedings involving real property located at 5196 Miller Woods Trail, Decatur, Georgia, 30035 (the "property").[3]  See [Doc. 1-2 ¶ 9].  On September 22, 2006, plaintiffs obtained a loan from Sun America Mortgage ("Sun America") in the principal amount of $215,150.00 plus interest (the "loan").  See [id.]; see also [Doc. 7-2 (security deed)].[4]  In order to secure repayment

_____

[3] Unless otherwise indicated, the facts are taken from plaintiffs' complaint and the parties' filings, and do not constitute findings of fact by the Court.

[4] Defendants have attached as exhibits to their motions to dismiss the security deed, documentation of its assignment, and pleadings from plaintiffs' earlier cases. See, e.g., [Docs. 4-2 to 4-3; Docs. 7-2 to 7-10].  Generally, the Court "may not consider matters outside the pleadings without converting the motion to a motion for summary judgment."  Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008).  However, the Court  may consider these exhibits without converting defendants' motions into motions for summary judgment since the documents are "central to [plaintiffs'] claim and the authenticity of the document[s] is not challenged."  Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished)(citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364,1369 (11th Cir. 1997) (per curiam); see also Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001); Mullinax v. United Mktg. Grp., LLC, Civil Action No. 1:10–CV–03585–JEC, 2011 WL 4085933, at *3 n.4 (N.D. Ga. Sept. 13, 2011).  Furthermore, the documents presented as exhibits are public documents, and "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."  Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); Young v. City of Augusta ex. rel DeVaney, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995); see also Zivanic v. Wash. Mut. Bank, F.A., No. 10-737 SC, 2010 WL 2354199, at *2 n.2 (N.D. Cal. June 9, 2010).  Accordingly, the Court will consider the

for the loan, plaintiffs executed a security deed conveying the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary and nominee for Sun America, and the security deed was recorded on October 16, 2006, at Deed Book 19529, Page 151, of the DeKalb County, Georgia, real property records. See [Doc. 1-2 ¶ 10; Doc. 7-2].

Thereafter, MERS, on behalf of Sun America, assigned and transferred its rights, title, and interest in the security deed to Wells Fargo, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities 1 LLC, Asset Back Certificates, Series 2007-AC2, as evidenced by an assignment recorded on November 10, 2010, at Deed Book 22221, Page 2, of the DeKalb County, Georgia, real estate records (the "assignment"). See [Doc. 7-3 (assignment effective July 12, 2010)]. JPMorgan was the servicer of the loan. See [Doc. 4-3 at 2]. Plaintiffs subsequently fell behind on their monthly payments, and by reason of that default,

---

exhibits at this stage without converting the motions to dismiss into motions for summary judgment. See Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

non-judicial foreclosure proceedings were commenced against the property.[5] See [Doc. 7-4 (order dismissing first complaint) at 1].

Plaintiffs have a history of litigation related to the property. On December 29, 2010, Daphne filed a "Complaint for Civil Penalties, Damages, Injunctive and other Relief" (the "first complaint") in the Superior Court of DeKalb County, Georgia, against McCalla. See [Doc. 7-5 (first complaint)]. In this complaint, Daphne asserted that McCalla: (1) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (2) violated the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.; (3) was involved in the fraudulent assignment of the promissory note; and (4) committed fraud, perjury, and theft by conversion. See generally [id.]. On December 30, 2012, the Superior Court of DeKalb County, Georgia, denied the request contained in the first complaint for temporary injunctive relief, see [Doc. 7-6 (first order denying TRO)], and on July 11, 2011, the Superior Court of DeKalb County, Georgia, entered an Order granting McCalla's motion to dismiss the first complaint with prejudice. See [Doc. 7-4 (first dismissal order)].

---

[5] The property was originally scheduled to be sold at auction on January 4, 2010, and this foreclosure action was the impetus for the filing of plaintiffs' first complaint. See [Doc. 7-5 ¶ 9]. However, the initial sale apparently did not take place, as a subsequent foreclosure sale was later scheduled for July 3, 2012, leading plaintiffs to file the third complaint. See [Doc. 7-9 ¶ 29].

Subsequently, on June 16, 2011, plaintiffs filed a "complaint to quiet title" (the "second complaint") against EMC Mortgage Corporation ("EMC")[6] and Wells Fargo. [Doc. 7-7 (second complaint)]. In the second complaint, plaintiffs alleged that the same residential mortgage loan at issue in the present action was "invalid and unenforceable," [id. at ¶ 6], and sought a declaration that the mortgage was "null and void; cancelling the Mortgage of record; quieting title to the property owned by Plaintiff against Defendant [sic] and all other persons claiming under Defendants," [id. at 4]. Following removal to this Court, see O'Connor v. EMC Mortg. Corp., Civil Action No. 1:11-cv-02314-RWS, at [Doc. 1] (N.D Ga. July 15, 2011), the Honorable Richard W. Story, United States District Judge, dismissed the second complaint on January 20, 2012, see [Doc. 7-8 (second dismissal order)].[7]

Plaintiffs then filed a "Verified Complaint" (the "third complaint") in the Superior Court of DeKalb County, Georgia, naming McCalla, Wells Fargo, and

---

[6] JPMorgan is the successor in interest to EMC Mortgage LLC, formerly known as EMC Mortgage Corporation. See [Doc. 3 at 3 n.1].

[7] The Order stated that the second complaint "appears to include the following claims: (1) wrongful foreclosure and (2) quiet title." [Doc. 7-8 at 3]. With respect to JPMorgan, the second complaint was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Id. at 9]. With respect to Wells Fargo, the plaintiffs were ordered to show cause why the action should not be dismissed for failure to effect timely service. [Id.]. Plaintiffs filed no response, and on July 30, 2012, the action was dismissed as to Wells Fargo for failure to timely effect service. See O'Connor, Civil Action No. 1:11-cv-02314-RWS, at [Doc. 9] (N.D. Ga. July 30, 2012).

JPMorgan as defendants. <u>See</u> [Doc. 7-9 (third complaint)]. In this complaint, plaintiffs contend that defendants attempted to wrongfully foreclose on their property because Wells Fargo lacks standing to foreclose, and consequently, Wells Fargo's attempts to foreclose with the help of JPMorgan as loan servicer and McCalla as foreclosure counsel also resulted in fraud and violations of the FDCPA, and plaintiffs therefore seek damages and injunctive relief to halt the impending foreclosure sale of the property. <u>See generally</u> [<u>id.</u>]. Plaintiffs then filed an "Emergency Motion for a Stay of Foreclosure Sale Pending Judgment of the Facts Herin" ("second TRO request") on July 2, 2012, which was denied the same day. <u>See</u> [Doc. 1-2 at 64-78, 91-93]. Following this denial, plaintiffs filed an "Amended Verified Emergency Petition for Temporary Restraining Order and or Preliminary Injunction with Request for an Evidentiary Hearing." <u>See</u> [Doc. 1-2 at 99-118 (amended TRO request); Doc. 7-10].[8] On July 18, 2012, the Superior Court of

---

[8] McCalla characterizes this filing as an "amended complaint," <u>see</u> [Doc. 7-1 at 6-7], however this Court does not view the filing as an amendment to the underlying complaint, but instead as an amended TRO request, as stated within the pleading, <u>see</u> [Doc. 1-2 at 99-118; Doc. 7-10 (noting that the rule was filed pursuant to Uniform Superior Court Rule 6.7, which covers emergency motions, and O.C.G.A. § 9-11-65(b), which covers temporary restraining orders when granted without notice to the adverse party)]; <u>see also</u> [Doc. 15 at 2 ¶¶ 1-2 (objecting to defendants' motions to dismiss an amended complaint which has not yet been filed)].

DeKalb County, Georgia, denied the amended TRO request. See [Doc. 1-2 at 136-37].

Defendants subsequently removed the third complaint to this Court, see [Doc. 1], and filed the pending motions to dismiss plaintiffs' claims, [Docs. 4 & 7]. Defendants assert that plaintiffs are improperly attempting to re-litigate issues that were or could have been raised in an earlier action, see [Doc. 4-1 at 5-6; Doc. 7-1 at 11-15], and that, in any event, plaintiffs' complaint fails to comply with federal pleading standards and fails to state a claim upon which relief can be granted, see [Doc. 4-1 at 9-17; Doc. 7-1 at 9-10, 15-19]. In response, plaintiffs reiterate their "produce the note" arguments, asserting that "[McCalla] had a responsibility to verify that [Wells Fargo] was the correct secured creditor and held enforceable security interest to conduct a foreclosure sale on the property." [Doc. 10 at 8].[9] In reply, defendants assert that, like the third complaint, plaintiffs' response is largely

_____

[9] Defendants assert that plaintiffs improperly attempt to plead an additional claim under 15 U.S.C. § 1692(f) in their response to defendants' motions to dismiss. See [Doc. 12 at 3 n.4 (citations omitted)]. The Court agrees that plaintiffs cannot bolster their complaint by raising new allegations in their response to defendants' motions to dismiss. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (noting that the court may only consider the four corners of the complaint when ruling on a motion to dismiss); Brown v. J.P. Turner & Co., No. 1:09-CV-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) (citations omitted) (noting that it is "plainly inappropriate" to raise allegations for the first time in response to a motion to dismiss); see also Oginsky v. Paragon Props. of Costa Rica, LLC, 784 F. Supp. 2d 1353, 1368 (S.D. Fla. 2011).

incomprehensible and merely "rehashes the conclusory allegations already lodged in the Complaint." [Doc. 12 at 2-3].

On September 6, 2012, plaintiffs moved to appoint counsel or a special master. [Doc. 10]. In their brief in support of this motion, plaintiffs appear to contend that because their complaint involves an equity interest, proper jurisdiction for the dispute lies in the superior court, and their case should be remanded to the Superior Court of DeKalb County. [Id. at 2-3]. Plaintiffs then reiterate their allegations regarding the alleged impropriety of the foreclosure on their property. [Id. at 3-7]. In response, defendants contend that they have not consented to the use of a special master, no "exceptional condition" is present to merit the appointment of a special master, and that this Court is available to timely and effectively handle the matter. [Doc. 11 at 4-6]. Defendants also point out that plaintiffs have cited no authority, nor have they presented any argument to the contrary. [Id. at 4].

## II. DISCUSSION

### A. Motion to Appoint Counsel or Special Master[10]

_____

[10] As plaintiffs' brief in support of this motion is largely incomprehensible, it is difficult to determine what relief they actually seek. See generally [Doc. 10]. The content of their brief appears to merely argue in favor of remand, making only a brief mention of the procedural rule governing appointment of a special master and omitting any reference to the statutory authority permitting appointment of counsel in civil matters. See [id.]. As a preliminary matter, plaintiffs' argument in favor of remand has no merit. While it is true that in Georgia, the Superior Court, as opposed to the Magistrate Court, has equity jurisdiction, see [id. at 2 (citing

Under Federal Rule of Civil Procedure 53(a)(1), unless a statute provides

otherwise, a court may appoint a special master only to:

(A) perform duties consented to by the parties;[11]

--------------------

Mahan v. Watkins, 568 S.E.2d 130 (Ga. Ct. App. 2002)], the case has properly been removed to this Court since the complaint pleads a federal question on its face, see 28 U.S.C. §§ 1331, 1441; see also [Doc. 1]. To the extent the title of plaintiffs' motion indicates their desire to have counsel appointed in this civil matter, a "court should appoint counsel only in exceptional circumstances" because "[a] plaintiff in a civil case does not have a constitutional right to counsel." Rizo v. Ala. Dep't of Human Res., 228 F. App'x 832, 834 (11th Cir. 2007) (per curiam) (unpublished) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)); see also Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989) (citations omitted) ("In determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." ); Bostic v. Astrue, No. CV 112-082, 2012 WL 3113942, at *2 (S.D. Ga. July 31, 2012) (second alteration in original) (citation and internal marks omitted) (noting that "[e]xceptional circumstances include the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner"). The mere fact that a plaintiff would be helped by counsel is not sufficient to require appointment, Rizo, 228 F. App'x at 834 (citation omitted), and since this case is similar to other complaints presented to the Court by pro se litigants attempting to stall non-judicial foreclosures, see, e.g., Edward v. Bank of Am. N.A., Civil Action No. 1:11-CV-2465-RWS-LTW, 2012 WL 4327073, at *1-2 (N.D. Ga. Aug. 2, 2012), adopted in relevant part by 2012 WL 4327052, at * 1 (N.D. Ga. Sept. 14, 2012); Montoya v. Branch Banking & Trust Co., Civil Action No. 1:11-CV-01869-RWS, 2012 WL 826993, at *1-2 (N.D. Ga. Mar. 9, 2012); James v. EMC Mortg. Corp., Civil Action No. 1:11-cv-01392-WSD-RGV, at [Doc. 1-1] (N.D. Ga. Apr. 29, 2011), it is clear that the issues raised are not so novel as to necessitate the assistance of a trained practitioner, so to the extent plaintiffs request that this Court appoint counsel, the motion is **DENIED**.

[11] Defendants specifically note that they do not consent to the appointment of a special master. [Doc. 11 at 3 n.3].

(B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:

(i) some exceptional condition; or

(ii) the need to perform an accounting or resolve a difficult computation of damages; or

(C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1) (footnote added). Courts "have tended to read Rule 53 narrowly, closely circumscribing the range of circumstances in which reference to a master is appropriate." Auguste v. Alderden, Civil Action No. 03-cv-02256-WYD-KLM, 2008 WL 2113343, at *2 (D. Colo. May 9, 2008) (internal marks omitted) (quoting Burlington N. R.R. v. Dep't of Revenue, 934 F.2d 1064, 1071 (9th Cir. 1991) (citation omitted)). In other words, because "[t]he use of masters is to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause, and not to displace the court," La Buy v. Howes Leather Co., 352 U.S. 249, 256 (1957) (citation and internal marks omitted), the use of a special master "shall be the exception and not the rule," and shall be made "upon a showing that some exceptional condition requires it," Burlington N. R.R., 934 F.2d at 1071 (citation and internal marks omitted).

In this case, the plaintiffs have not identified, nor does the Court find, that there are any exceptional conditions which justify referral of this matter to a special master. As plaintiffs' third complaint is similar to many other complaints presented to the Court by *pro se* litigants attempting to stall non-judicial foreclosures, it is clear that the issues raised are not so numerous or complex as to necessitate a special master's attention. See, e.g., Edward, 2012 WL 4327073, at *1-2; Montoya, 2012 WL 826993, at *1-2; James, Civil Action No. 1:11-cv-01392-WSD-RGV, at [Doc. 1-1] (N.D. Ga. Apr. 29, 2011). Moreover, a review of the docket reflects that motions in this case can be effectively and timely addressed by the Court without the necessity of appointing a special master, and plaintiffs have presented no arguments to the contrary. Indeed, the case has been pending for only three months, see [Doc. 1], and the Court has timely addressed similar matters in the past, see, e.g., Watkins v. Beneficial, HSBC Mortg., Civil Action No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898 (N.D. Ga. Sept. 2, 2010), adopted by 2010 WL 4312878, at *1 (N.D. Ga. Oct. 21, 2010). Accordingly, appointment of a special master is not warranted, and plaintiffs' motion to appoint counsel or special master, [Doc. 10], is **DENIED**. See Smith v. Ford Motor Co., Nos. Civ.A. C79-1333A, Civ.A. C80-2028A, 1981 WL 380686, at *1 (N.D. Ga. May 1, 1981) (citation omitted) (rejecting a request to appoint

a special master because "[n]either docket congestion nor complexity of issues are considered adequate reason for the appointment of a master").

## B. Motions to Dismiss

Defendants assert that plaintiffs are improperly attempting to re-litigate issues that were or could have been raised in an earlier action. See [Doc. 4-1 at 5-9; Doc. 7-1 at 11-15]. Specifically, JPMorgan contends that since the second dismissal order was a final judgment on the merits against plaintiffs in an earlier proceeding by a court of competent jurisdiction, this action against it is barred by *res judicata*.[12] [Doc. 4-1 at 5-9]. Similarly, McCalla contends that "these exact same claims have already been adjudicated against [it] and dismissed with prejudice" in the first dismissal order. See [Doc. 7-1 at 11-15; Doc. 7-4]. In the alternative, McCalla contends that plaintiffs' claims against it are barred by the doctrine of collateral estoppel, or issue preclusion. [Doc. 7-1 at 14-15]. In addition, all defendants assert

---

[12] Wells Fargo does not assert that the claims against it are barred by *res judicata* as the second complaint was dismissed with respect to Wells Fargo because plaintiffs failed to properly effect service of process, which does not constitute an adjudication on the merits. See Prince Hotel, S.A. v. Blake Marine Grp., Civil Action No. 11-0537-WS-M, 2012 WL 870157, at *9 n.12 (S.D. Ala. Mar. 13, 2012) (citations omitted) (noting that dismissals for lack of jurisdiction are not adjudications on the merits); Igbinigie v. Wells Fargo Bank, N.A., No. 3:08-CV-58 (CDL), 2008 WL 4862597, at *1 (M.D. Ga. Nov. 19, 2008) (citation omitted) (noting that service of process is a jurisdiction requirement and that a court lacks jurisdiction over a defendant who has not been served); see also O'Connor, Civil Action No. 1:11-cv-02314-RWS, at [Docs. 6, 9] (dismissing claims against Wells Fargo for failure to show cause for not properly effecting service of process).

that plaintiffs' complaint fails to state a valid claim for relief.  <u>See generally</u> [Doc. 4 at 9-17; Doc. 7 at 15-19].

### 1.  *Res Judicata (Claim Preclusion)*

Under the principle of *res judicata*, a final judgment on the merits in a civil action operates to preclude a party, or those in privity with him, from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action.  <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981).  The doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against multiplicious litigation over the same claims, and accordingly, may not be overridden based on equitable considerations.  <u>Id.</u> at 401-02 (citation and internal marks omitted).  "The doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies."  <u>Baptiste v. Comm'r of Internal Revenue</u>, 29 F.3d 1533, 1539 (11th Cir. 1994) (citation omitted).  "As to the parties to the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action."  <u>Id.</u> (citation omitted).

For *res judicata* to apply, four elements must be shown: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) identical parties (or their privies) in both actions, and (4) the same cause of action at issue in both cases. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001); Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468, 1470 (11th Cir. 1986); see also Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999); Ray v. Tenn. Valley Auth., 677 F.2d 818, 821 (11th Cir. 1982); Clark v. Comm'r of Internal Revenue, No. CV409-058, 2009 WL 1363411, at *2 (S.D. Ga. Mar. 30, 2009), adopted by 2009 WL 1034785, at *1 (S.D. Ga. Apr. 16, 2009). "Generally both the party invoking res judicata and the party against whom it is invoked must have been represented in the prior action for res judicata to apply." Vereen v. Everett, Civil Action No. 1:08-CV-1969-RWS, 2009 WL 901007, at *3 (N.D. Ga. Mar. 31, 2009) (internal marks omitted) (quoting Akin v. PAFEC Ltd., 991 F.2d 1550, 1559 (11th Cir. 1993)).

### a. Claims Against JPMorgan

Plaintiffs' claims against JPMorgan are barred by *res judicata*. The second dismissal order entered by Judge Story is clearly a final adjudication on the merits by a court of competent jurisdiction. See NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (citation omitted) (quoting Federated Dep't Stores, Inc., 452 U.S. at 399 n.3) (finding that a previous dismissal for failure to state a claim, even though it did

not specify whether the dismissal was with or without prejudice, was a final adjudication on the merits for claim preclusion purposes).  Moreover, although the second complaint was filed by plaintiffs against EMC, EMC merged into JPMorgan, and the second dismissal order specifically acknowledges that the defendant moving for dismissal was "JPMorgan . . . the successor in interest to [EMC] . . . . The court will treat any allegation against EMC as allegations against [JPMorgan]." [Doc. 7-8 at 1].  Accordingly, this action and the second complaint involve the same parties for the purposes of *res judicata*.

With regard to the fourth element, identical claims and legal theory are not required for *res judicata* to apply.  Draper v. Atlanta Indep. Sch. Sys., 377 F. App'x 937, 939-40 (11th Cir. 2010) (unpublished) (citations and internal marks omitted) ("Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact."); Home Depot U.S.A., Inc. v. U.S. Fire Ins. Co., 299 F. App'x 892, 896 (11th Cir. 2008) (per curiam) (unpublished) (stating that *res judicata* applies if a case arises out of the same nucleus of operative facts, or is based on the same factual predicate as a former action").  Unless there has been a substantial change in the facts or law, "res judicata bars all subsequent suits raising allegedly new theories."  Jaffree v. Wallace, 837 F.2d 1461, 1469 (11th Cir. 1988) (per curiam).

Here, the fourth element of *res judicata* is satisfied since the complaint arises out of the same nucleus of operative facts as the cause of action that was previously adjudicated. <u>Home Depot U.S.A., Inc.</u>, 299 F. App'x at 896; <u>Manning v. City of Auburn</u>, 953 F.2d 1355, 1358-59 (11th Cir. 1992). In both cases, plaintiffs challenge Wells Fargo's authority to foreclose on the property, questioning the legality of the loan securitization process and Wells Fargo's standing to foreclose, and consequently asserting that the actions taken by JPMorgan as loan servicer on behalf of Wells Fargo were illegal. <u>Compare</u> [Doc. 7-7 ¶¶ 5 (asserting that Wells Fargo lacks standing to foreclose), 6 (disputing the MERS securitization system)], <u>with</u> [Doc. 7-9 ¶¶ 13-22 (asserting that Wells Fargo lacks standing to foreclose); Doc. 7-10 at 3-4 (asserting Wells Fargo lacks standing to foreclose) & ¶¶ 4-5 (disputing the securitization process), 12-13, 17-19 (asserting that Wells Fargo lacks standing to foreclose)]. Although the legal theory underlying plaintiffs' assertion that Wells Fargo had no standing to foreclose is not identical in both cases, the claims "arise out of the same nucleus of operative facts" and "are based on the same factual predicate" as they all concern the validity of Wells Fargo's interest in the underlying promissory note and security deed, the resulting standing of Wells Fargo to foreclose, and the validity of JPMorgan's action as loan servicer given Wells Fargo's alleged lack of standing. <u>See</u> <u>Draper</u>, 377 F. App'x at 939-40; <u>Home</u>

Depot U.S.A., Inc., 299 F. App'x at 896. Therefore, plaintiffs' complaint against JPMorgan is barred by *res judicata*, and it is **RECOMMENDED** that JPMorgan and Wells Fargo's motion to dismiss, [Doc. 4], be **GRANTED** with respect to plaintiffs' claims against JPMorgan.

### b. Claims against McCalla

As for plaintiffs' claims again McCalla, all four elements of *res judicata* are not satisfied. First, it is not clear that the first order of dismissal with prejudice from the Superior Court of DeKalb County actually constitutes a final judgment on the merits since the court initially ruled that the complaint in that case was due to be dismissed for lack of personal jurisdiction because of insufficient service of process upon McCalla, see [Doc. 7-4 at 2], and under Georgia law, "[o]nce the trial court determines that service has not been perfected and that there is no personal jurisdiction over the defendant, the trial court loses jurisdiction to rule on the merits of the case," South v. Montoya, 537 S.E.2d 367, 369 (Ga. Ct. App. 2000) (citation omitted).[13]   However, even if the first order of dismissal with prejudice did

---

[13] Plaintiffs also assert that Daphne voluntarily dismissed her complaint before the first order of dismissal was issued in that case and therefore contend that *res judicata* does not apply. See [Doc. 15 at 3 ¶ 3; Doc. 15-1]; see also Walden v. Shelton, 606 S.E.2d 299, 241 (Ga. Ct. App. 2004), disapproved of on other grounds by Hagemann v. Berkman Wynhaven Assoc., 660 S.E.2d 479, 455 (Ga. Ct. App. 2008) (noting that where plaintiff "voluntarily dismissed his suit without prejudice . . . the trial court could not rule on [defendant's] pending motion to dismiss because the trial court had lost jurisdiction.").

constitute a final order by a court of competent jurisdiction, see [Doc. 7-5 ¶ 23 (asserting jurisdiction is proper in the Superior Court of DeKalb County)]; see also Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 534 (5th Cir. 1978[14]) (citations omitted) ("It is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action."), and identical parties or their privies were involved,[15] the legal theories and claims presented here do not arise out of the same nucleus of operative facts, see Home Depot U.S.A., Inc., 299 F. App'x at 896. Indeed, while the complaints concern the same property and the same debt, the first complaint was based on alleged deficiencies in communications McCalla sent regarding a foreclosure sale scheduled for January 4, 2010, and the instant complaint involves alleged deficiencies in communications sent regarding a foreclosure sale scheduled

_____

[14] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent of the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[15] Although only Daphne, not Clinton, was a named party on the first complaint, see [Doc. 7-5], "[o]ne party is the privy of another where there is a mutual or successive relationship to the same right," Smith v. Nasserazad, 544 S.E. 2d 186, 188 (Ga. Ct. App. 2001). Plaintiffs acquired the property as joint tenants with rights or survivorship, see [Doc. 7-9 at 19], and are therefore privies with one another.

for July 3, 2012. <u>Compare</u> [Doc. 7-5 ¶ 9], <u>with</u> [Doc. 7-9 ¶ 29]. Because the allegations against McCalla arise from the content of different foreclosure notices associated with two separate foreclosure events, they do not arise from a common nucleus of operative facts and plaintiffs' allegations are not barred by *res judicata*.

## 2. *Collateral Estoppel (Issue Preclusion)*

However, "[w]hen claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." <u>Burstein v. Rumball</u>, 297 F. App'x 918, 920 (11th Cir. 2008) (per curiam) (unpublished) (internal marks omitted) (<u>quoting</u> <u>Citibank, N.A. v. Data Lease Fin. Corp.</u>, 904 F.2d 1498, 1501 (11th Cir. 1990)). For collateral estoppel to apply, a party must show:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fail opportunity to litigate the issue in the prior proceedings.

<u>Christo v. Padgett</u>, 223 F.3d 1324, 1339 (11th Cir. 2000) (<u>quoting</u> <u>Pleming v. Universal-Rundle Corp.</u> 142 F.3d 1354, 1359 (11th Cir. 1998)). Moreover, the burden of persuasion in the subsequent action must not be significantly heavier than in the earlier proceeding. <u>Johnson v. Florida</u>, 348 F.3d 1334, 1347 (11th Cir. 2003).

The Court's prior decision in <u>O'Connor</u>, Civil Action No. 1:11-cv-02314-RWS, at [Doc. 6] (N.D. Ga. Jan. 20, 2012), precludes plaintiffs from again litigating the issue of Wells Fargo's standing to foreclose in this case. Accordingly, to the extent plaintiffs' claims against Wells Fargo and McCalla are premised on the issue of Wells Fargo's standing to foreclose that was previously adjudicated, such claims are barred and due to be dismissed.[16] Specifically, plaintiffs assert once again that Wells Fargo does not have standing to foreclose, and consequently, defendants' actions violated the Georgia wrongful foreclosure statute, the FDCPA, and resulted in fraud–the same issue plaintiffs raised in their second complaint.[17] <u>See generally</u> [Doc. 7-9]. Accordingly, whether Wells Fargo lacked standing to foreclose has

---

[16] Although Wells Fargo did not raise the issue of collateral estoppel in its motion as did McCalla, "[i]n this case, the relevant prior decision was made by this Court; thus, the Court may raise the issue of collateral estoppel sua sponte . . . ." <u>Insituform Techs., Inc. v. AMerik Supplies, Inc.</u>, 850 F. Supp. 2d 1336, 1361 (M.D. Ga. 2012). Moreover, where, as here, a federal court "examines the collateral estoppel or res judicata effect of a prior federal judgment, based either on diversity or a federal question, it must apply federal common law." <u>CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.</u>, 327 F.3d 1309, 1316 (11th Cir. 2003) (citations and internal marks omitted).

[17] Although McCalla was not a party to this second complaint, issue preclusion, unlike claim preclusion, does not require that the parties be identical, only that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue at the earlier proceeding. <u>Compare</u> <u>In re Piper Aircraft Corp.</u>, 244 F.3d at 1296, <u>with</u> <u>Christo</u>, 223 F.3d at 1339. Accordingly, as both Daphne and Clinton were parties to the second complaint, they can be estopped from rearguing issues "actually litigated" in that case.

already been "submitted for determination and [] determined" such that it was "actually litigated,"[18] In re Goldbronn, 263 B.R. 347, 363 (Bankr. M.D. Fla. Apr. 26, 2001) (citation omitted), and since the Court's previous determination that the securitization of plaintiffs' loan and its assignment to Wells Fargo were valid, permitting Wells Fargo to foreclose through its servicing agent JPMorgan, was central and necessary to the Court's dismissal of plaintiffs' wrongful foreclosure claim, see O'Connor, Civil Action No. 1:11-cv-2314-RWS, at [Doc. 6 at 5-6] (N.D. Ga. Jan. 20, 2012), plaintiffs cannot bring additional claims premised on the contention that Wells Fargo does not possess standing to foreclose. Thus, to the extent plaintiffs' claims under the FDCPA and their claims for fraud and attempted wrongful foreclosure are premised upon Wells Fargo's alleged lack of standing to foreclose, plaintiffs are barred by collateral estoppel from asserting these claims against McCalla and Wells Fargo. See [Doc. 1-2 at 6-7 ¶¶ 23-35 (asserting that defendants made "false representations" attempting to collect on the loan by

---

[18] Even though the motion to dismiss the second complaint was unopposed, see O'Connor, Civil Action No. 1:11-cv-2314-RWS, at [Doc. 6 at 3, 5] (N.D. Ga. Jan. 20, 2012), the Court evaluated the merits of plaintiffs' contentions and "just because [plaintiffs] decided [their] case was no longer worth the effort does not alter the fact that [they] had [their] day in court," In re Hollingsworth, 441 B.R. 883, 839 (Bankr. W.D. Ky. 2010) (citation and internal marks omitted) (adopting the reasoning of the Ninth Circuit to find that an unopposed motion for summary judgment was "actually litigated" for purposes of collateral estoppel).

mak[ing] it appear [Wells Fargo . . . was] the proper party to bring [the] foreclosure action"), that they failed to verify documents, and that they took property illegally)].

### 3. *Failure to State a Claim*

Moreover, to the extent plaintiffs are attempting to bring claims against McCalla and Wells Fargo under the FDCPA and for fraud and attempted wrongful foreclosure that are premised upon a theory other than Wells Fargo's lack of standing, the allegations of the complaint fail to "'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests'" and the complaint is therefore due to be dismissed for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)) ("Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

### a. **FDCPA Claims**

Plaintiffs assert that McCalla[19] violated the FDCPA by making "various false representation[s]" in attempting to collect on the loan. [Doc. 7-9 ¶ 31]. Specifically, plaintiffs assert that McCalla violated the FDCPA by "creating a false Notice of Foreclosure Sale to make it appear Wells Fargo . . . is the proper party to bring this foreclosure action," and that trying to take property illegally in this manner was an "unfair practice." [Id. ¶¶ 32-33]. Plaintiffs also assert that McCalla "failed to verify any documents, records such as account histories, statement or other documents prior to executing Notice of Foreclosure sale." [Id. ¶ 30]. However, plaintiffs' complaint does not identify the specific provisions of the FDCPA that they contend McCalla violated, and more importantly, plaintiffs have not plead sufficient facts apart from Wells Fargo's alleged lack of standing to state a plausible claim under the FDCPA. Moreover, to the extent plaintiffs are relying on the FDCPA to forestall foreclosure proceedings, as it appears from their litigation history, the complaint fails to state a claim because the FDCPA cannot be invoked for that purpose. See Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009) (per curiam) (unpublished) (citations and internal marks omitted) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company]

_____

[19] The majority of plaintiffs' FDCPA allegations specifically refer to McCalla or "Defendants" without specifying any conduct by Wells Fargo in violation of the FDCPA, see, e.g., [Doc. 7-9 ¶ 31 (referencing "Defendants")]. Thus, plaintiffs have not alleged any facts to support a plausible FDCPA claim against Wells Fargo.

foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA. . . .”); see also Kephart v. Am. Home Mortg., Civil Action File No. 1:10-CV-02660-TWT-GGB, 2011 WL 1085145, at *3 (N.D. Ga. Feb. 23, 2011), adopted by 2011 WL 996708, at *1 (N.D. Ga. Mar. 18, 2011); Hennington v. Bank of Am., Civil Action File No. 1:10-CV-1350-WSD, 2010 WL 5860296, at *7 n.11 (N.D. Ga. Dec. 21, 2010), adopted by 2011 WL 705173, at *5 (N.D. Ga. Feb. 18, 2011).

### b.     Fraud

Plaintiffs’ allegations regarding their fraud claim are not sufficiently specific to meet the heightened pleading requirements for fraud cases.   “[W]hen a complaint is grounded in fraud, as it appears plaintiff[s’] complaint is, the complaint must comply with Fed.R.Civ.P. 9(b)’s heightened pleading requirement that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.”   Roundtree v. Countrywide Home Loans, Inc., No. 3:09-cv-189-J-32TEM, 2009 WL 5215334, at *4 (M.D. Fla. Dec. 29, 2009) (third alteration in original) (citation and internal marks omitted).   “To satisfy Rule 9(b)’s ‘particularity’ standard, a complaint should ‘identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiffs; and (4) what the [d]efendants gain[ ] by the alleged fraud.’”   Id. (last alteration in original) (quoting W. Coast Roofing & Waterproofing,

25

<u>Inc. v. Johns Manville, Inc.</u>, 287 F. App'x 81, 86 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted)).

Under Georgia law, in order to establish a claim for fraud, plaintiffs must satisfy the following elements: "(1) false representation made by the defendant[s]; (2) scienter; (3) an intention to induce the plaintiff[s] to act or refrain from acting . . . ; (4) justifiable reliance by the plaintiff[s]; (5) damage to the plaintiff[s]." <u>Johnson v. GAPVT Motors, Inc.</u>, 663 S.E.2d 779, 782-83 (Ga. Ct. App. 2008) (citations omitted). Plaintiffs' fraud claim arises out of their contention that defendants falsely claimed legal standing by "[f]iling fake documents in public land records" and by recording an assignment executed after the closing date of the trust, violating section 2.1 of the "Pooling and Servicing Agreement." [Doc. 7-9 ¶¶ 37-39]. However, putting aside the allegations regarding Wells Fargo's standing to foreclose that plaintiffs are collaterally estopped from relitigating, the allegations of their complaint fail to state a claim for fraud because plaintiffs have not identified any false representation made by defendants, much less described the precise statement and its contents, how those contents were misleading, the time and place of the statement and the person making the statement, or what defendants obtained as a consequence of the fraud. <u>See</u> <u>Johnson</u>, 663 S.E.2d at 782-

83; <u>Am. Gen. Life & Acc. Ins. Co. v. Ward</u>, 530 F. Supp. 2d 1306, 1309-10 (N.D. Ga. 2008). Accordingly, plaintiffs' complaint fails to adequately state a claim for fraud.

### c. **Attempted Wrongful Foreclosure**

Finally, the allegations pertaining to the attempted wrongful foreclosure claim are not adequate to notify the defendants of any conduct apart from Wells Fargo's alleged lack of standing that would support a plausible claim. In order to state a claim for attempted wrongful foreclosure, plaintiffs must "establish 'a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.'" <u>Mayrant v. Deutsche Bank Trust Co. Ams.</u>, Civil Action File No. 1:10–CV–3094–TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011) (quoting <u>Aetna Fin. Co. v. Culpepper</u>, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984)). However, as currently plead, plaintiffs' complaint presents no allegations apart from Wells Fargo's alleged lack of standing to support any intentional false publication nor have plaintiffs alleged that they have suffered any actual, non-speculative damages as a direct result of any such publication. Consequently, plaintiffs have failed to state a plausible claim for attempted wrongful foreclosure.

Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro*

*se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure, and "even in *pro se* cases, the Court is not permitted to serve as de facto counsel to a party or to rewrite an otherwise deficient pleading," Standifer v. S.E.C., 542 F. Supp. 2d 1312, 1316 (N.D. Ga. 2008). Because plaintiffs' complaint as plead fails to state a claim that is not barred by collateral estoppel and *res judicata*, it is **RECOMMENDED** that defendants' motions to dismiss, [Docs. 4 & 7], be **GRANTED.**

## C.    Plaintiffs' Emergency Request for a Preliminary Injunction

Plaintiffs have also filed an emergency request for a preliminary injunction. [Doc. 14]. In this motion, plaintiffs assert that First Spirus Reim ("First Spirus") purchased the property at a foreclosure auction and has filed a dispossessory complaint against them regarding the property in the Magistrate Court of DeKalb County. [Doc. 14 at 7]. Accordingly, plaintiffs request that the Court enter a preliminary injunction "to stay or bar the dispossessory proceeding until this Court has had an opportunity to ascertain whether the defendants in the case at bar have standing to foreclose on the [] property and have not committed any criminal act in doing so." [Id.].[20]

_____

[20] In support of their request, plaintiffs cite the Anti-Injunction Act, 28 U.S.C. § 2283, and the All Writs Act, 28 U.S.C. § 1651, asserting that these statutes permit this Court to issue an injunction staying the state court dispossessory proceeding because that proceeding "circumvents the jurisdiction of the Court in the present

The purpose of a TRO or preliminary injunction is to preserve the status quo until the Court issues a decision on the merits of the action. United States v. DBB, Inc., 180 F.3d 1277, 1282 (11th Cir. 1999). A party seeking a TRO under Rule 65 of the Federal Rules of Civil Procedure must establish that: (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if relief is not granted, that is, there is no adequate remedy at law; (3) the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) the entry of the requested relief would serve the public interest. Siebert v. Allen, 506 F.3d 1047, 1049 (11th Cir. 2007) (per curiam); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d

_____

case." See [Doc. 14 at 2]; see also 28 U.S.C. § 2283 (prohibiting federal courts from granting injunctive relief against state court proceedings unless (1) the injunction is expressly authorized by an Act of Congress, (2) the injunction is necessary in aid of the court's jurisdiction, or (3) the injunction is necessary to protect and effectuate the court's judgment); 28 U.S.C. § 1651 (permitting federal courts to issue all writs necessary or appropriate in aid of their respective jurisdictions); Boross v. Liberty Life Ins. Co., No. 4:10-cv-144, 2011 WL 2945819, at *2 (S.D. Ga. July 21, 2011) (citation omitted) (noting that the "in aid of jurisdiction" exception to the Anti-Injunction Act "applies where the federal court has obtained jurisdiction over a disputed res in an *in rem* proceeding–or a proceeding closely resembling an *in rem* dispute–and the state court proceeding comes afterwards"). However, review of the DeKalb County Magistrate Court docket shows that the dispossessory action which plaintiffs seek to stay has already been closed. See First Spirus Reim, Atlanta v. O'Connor, Case 12D31292 (DeKalb Cnty. Mag. Ct. Sept. 6, 2012); see also [Doc. 14 at 9 (noting that defendants ceased filing documents in the pending dispossessory action once the magistrate court acknowledged the superior court action challenging the foreclosure had been filed and removed to this court)]. Thus, to the extent plaintiffs seek to stay this proceeding, their request is moot.

1223, 1225-26 (11th Cir. 2005) (per curiam). The same factors are considered in deciding whether to grant a TRO or a preliminary injunction. <u>Schiavo</u>, 403 F.3d at 1225.

The Eleventh Circuit has held that "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." <u>Suntrust Bank v. Houghton Mifflin Co.</u>, 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam) (<u>citing</u> <u>Canal Auth. v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974)). The decision to grant or deny a TRO "'is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion.'" <u>Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.</u>, 303 F.3d 1242, 1246 (11th Cir. 2002) (quoting <u>Palmer v. Braun</u>, 287 F.3d 1325, 1329 (11th Cir. 2002)). Plaintiffs have failed to show that a TRO is warranted in this case, and therefore their motion for a TRO is due to be denied for the following reasons.

**1.** *Security Requirement*

As an initial matter, under Rule 65 of the Federal Rules of Civil Procedure, a court may not issue a TRO unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Plaintiffs have not offered to tender any amount as security for a TRO, and the Court may not enter

a TRO pursuant to Rule 65 without said security.  See Hampson v. Am. Mortg. Exch., Inc., 1:10-cv-430-JEC-RGV, at [Doc. 13 at 3] (N.D. Ga. Apr. 2, 2010); Sampson v. Pine State Mortg. Corp., 1:10-cv-241-JEC-RGV, at [Doc. 3 at 6] (N.D. Ga. Feb. 1, 2010), adopted at [Doc. 4] (N.D. Ga. Feb. 1, 2010); see also Tehan v. Disability Mgmt. Servs., Inc., 111 F. Supp. 2d 542, 548 n.1 (D.N.J. 2000) (citations and internal marks omitted) ("Unlike a [ ] state court, . . . a federal court is required to condition the granting of [a preliminary injunction] upon the giving of security by the applicant. . . .  The State Court did not condition the granting of the Restraints upon the giving of security. . . . Therefore, if we decide to continue the Restraints [imposed by the state court prior to removal], we will condition such continuance upon the giving of adequate security by [plaintiff].").

**2.**     *TRO Factors*

Moreover, the factors required to support the issuance of a TRO are not satisfied in this case.  As discussed, plaintiffs have not demonstrated a likelihood of success on the merits since it is recommended that defendants' motions to dismiss be granted.  Even assuming that the harm plaintiffs face by losing their home outweighs the harm defendants face if a TRO or preliminary injunction is granted and that such an order would serve the public interest, see Siebert, 506 F.3d at 1049, plaintiffs have not shown that any injury they will suffer is irreparable such that monetary damages would be inadequate to compensate them for that harm, see In re F.G. Metals, Inc.,

390 B.R. 467, 477 (Bankr. M.D. Fla. 2008) (citation omitted) ("Injury is irreparable only if it is not compensable by monetary damages.").  Therefore, it is **RECOMMENDED** that plaintiffs' emergency request for a preliminary injunction, [Doc. 14], be **DENIED**.

## III. CONCLUSION

For the reasons stated herein, defendants' motions to stay, [Docs. 6 & 8], are **GRANTED**, plaintiffs' motion to appoint counsel or a special master, [Doc. 10], is **DENIED** and it is **RECOMMENDED** that plaintiffs' emergency request for a preliminary injunction, [Doc. 14], be **DENIED**, that defendants' motions to dismiss plaintiffs' complaint, [Docs. 4 & 7], be **GRANTED,** and that all claims with respect to defendant JPMorgan be **DISMISSED WITH PREJUDICE**, that all claims against McCalla and Wells Fargo premised on Wells Fargo's alleged lack of standing to foreclose be **DISMISSED WITH PREJUDICE**, but to the extent plaintiffs have attempted to allege any claims against McCalla and Wells Fargo premised under any other theory, those claims be **DISMISSED WITHOUT PREJUDICE**.[21]

---

[21] Dismissal without prejudice of any claims not barred by collateral estoppel and *res judicata* is appropriate in view of plaintiffs' *pro se* status, <u>Spear v. Nix</u>, 215 F. App'x 896, 902 (11th Cir. 2007) (per curiam) (unpublished), and recent decisions by the Eleventh Circuit and the Georgia Court of Appeals regarding claims premised on the content of notices sent in connection with foreclosures, <u>see Bourff v. Rubin Lublin, LLC</u>, 674 F.3d 1238, 1240-41 (11th Cir. 2012); <u>Shoup v. McCurdy & Candler, LLC</u>, 465 F. App'x 882, 884 (11th Cir. 2012); <u>Reese v. Provident Funding Assocs., LLP</u>, 730 S.E.2d 551, 552-53 (Ga. Ct. App. 2012). For these same reasons, McCalla's request, <u>see</u> [Doc. 7-1 at 19-25], that the Court issue an order pursuant to the All Writs Act, 28 U.S.C. § 1651, barring plaintiffs from filing any other actions

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED** this 29th day of October, 2012.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

against it is **DENIED**.