**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CLINTON G. O'CONNOR and          :
DAPHNE E. O'CONNOR,              :
                                 :
     Plaintiff,                  :
                                 :          CIVIL ACTION NO.
v.                               :          1:12-CV-2525-RWS
                                 :
WELLS FARGO BANK, National       :
Association as Trustee for       :
Certificateholders of Bear Stearns :
Asset Backed Securities I LLC,   :
Asset Backed Certificates, Series :
2007-AC2, *et al.*,              :
                                 :
     Defendants.                 :


**<u>ORDER</u>**

     This case is before the Court for consideration of the Report and

Recommendation [17] of Magistrate Judge Russell G. Vineyard and the

following Motions filed subsequent to issuance of the Report and

Recommendation: Plaintiffs' Motion for Summary Judgment [19]; Plaintiffs'

Motion to Defer Ruling on Plaintiff's Motion for Summary Judgment and

Defendant's Motion to Dismiss Complaint until all discovery has been

completed [21]; Plaintiffs' Motion for Appointment of Counsel [22]; Plaintiffs'

Second Emergency Motion for and Injunction [24]; Plaintiffs' Motion for an

Order to Show Cause Why This Court Should Not Refer Defendant's Actions

in This Case for Criminal Prosecution [25]; Plaintiffs' Motion for Financial

Disclosure Statement of U.S. Magistrate Judge Vineyard [26]; Plaintiffs'

Motion for Recusal and Disqualification of Judge [27]; Defendant's Motion to

Dismiss Plaintiff's "Amendment to the Original Complaint" [29]; Defendant's

Motion to Disregard Plaintiff's Surreply [34]; Defendant's Motion to Strike

Plaintiff's Amended Complaint [35]; Plaintiffs' Second Request for an Order to

Show Cause [43]; Plaintiffs' Motion to Admit Affidavit Testimony of Joseph R.

Esquivel, Jr. [52]; Plaintiffs' Motion to Strike the Document Known as the

"Assignment" From the Record as Uncorroborated Inadmissible Hearsay [53];

and Plaintiffs' Request that the Court Take Judicial Notice of Defendant's

Failure to Prove that They Own the Mortgage [59].  Having reviewed the

record, the Court will address each of the pending motions, in turn.

**Plaintiffs' Motion for Recusal and Disqualification of Judge [27]**

As an initial matter, the Court addresses Plaintiffs' Motion for Recusal

and Disqualification of Judge [27].  Plaintiffs' Motion is based on a disclosure

contained in the undersigned's 2010 Financial Disclosure Report that the

undersigned has an interest in TIAA-CREF Retirement Fund.  Plaintiffs assert

that that fund apparently holds shares of JP Morgan Chase and Wells Fargo Bank stock.  Pursuant to 28 U.S.C. § 455(b)(4), Plaintiffs seek the disqualification of the undersigned based on a financial interest in a party to the proceeding.

While it is true that Section 455(b)(4) requires recusal when a judge has a financial interest in a party to the proceedings, financial interest is further defined by the Act.  "'Financial Interest' means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that: (i) ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund."  28 U.S.C. § 455(d)(4).  The interest challenged by Plaintiffs is an ownership interest in a mutual or common fund and the undersigned does not participate in the management of the fund.  Therefore, the investment does not qualify as a 'financial interest' under the recusal statute.  Therefore, Plaintiffs' Motion for Recusal and Disqualification of Judge [27] is **DENIED**.

**Defendants' Motion to Disregard Plaintiffs Surreply [34]**

Defendant McCalla Raymer filed its Motion to Dismiss [7] on July 27, 2012.  In response, Plaintiffs filed their "Motions Special Cause of Action to

3

Appoint Counsel/Special Master" [7] on September 6, 2012, which McCall

Raymer treated as a response to its Motion to Dismiss.  McCalla Raymer filed

its Reply Brief [12] on September 24, 2012.  On October 30, 2012, Plaintiffs

filed their Response to Defendants' Motion to Dismiss Complaint [20] after the

Report and Recommendation was issued.  Defendant McCalla Raymer moves

the Court to disregard the Response [20] as an unauthorized surreply.  The

Court agrees that the submission was clearly untimely as a response to

Defendants' Motion.  Moreover, Plaintiffs did not seek leave to file a surreply

to Defendants' Reply Brief.  In fact, the brief was not filed until the day after

the Report and Recommendation was issued.  Therefore, the Court finds it

appropriate to **GRANT** Defendants' Motion [34].

**<u>Report and Recommendation [17]</u>**

On October 29, 2012, Magistrate Judge Russell G. Vineyard issued a

Report and Recommendation [17].  Plaintiffs have filed Objections [28] to the

Report and Recommendation, and Defendants have filed a Response [49] to the

Objections.  Having reviewed the Objections, the Court finds that Plaintiffs

present no grounds for rejecting the conclusions reached in the Report and

Recommendation.

4

Therefore, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court.  Accordingly, Plaintiffs' Emergency Request for a Preliminary Injunction [14] is **DENIED**; Defendants' Motions to Dismiss Plaintiffs' Complaint [4 and 7] are **GRANTED** such that all claims with respect to Defendant J.P. Morgan Chase Bank, N.A. are **DISMISSED WITH PREJUDICE**, all claims against McCalla Raymer, LLC and Wells Fargo Bank, National Association premised on Wells Fargo's alleged lack of standing to foreclose are **DISMISSED WITH PREJUDICE**, but to the extent Plaintiffs have attempted to allege any claims against McCalla Raymer and Wells Fargo premised under any other theory, those claims are **DISMISSED WITHOUT PREJUDICE**.

Having found that Defendants' Motions to Dismiss [4 and 7] are due to be granted, all of the motions filed by Plaintiffs subsequent to the issuance of the Report and Recommendation are denied, as moot.  However, even if they were considered on their merits, they would be denied.  The Court will briefly address each of the subsequently filed motions, in turn.

**Plaintiffs' Motion for Summary Judgment [19]**

After issuance of the Report and Recommendation, Plaintiff file a Motion for Summary Judgment [19].  However, Plaintiffs' Motion fails to comply with

Local Rule 56.1's requirement that a movant for summary judgment include a statement of material facts to which the movant contends there is no genuine issue to be tried.  Each fact must be numbered separately and supported by a citation to evidence proving the fact.  Plaintiffs failed to comply with this obligation. Thus, the Motion is due to be denied.

Even if the Motion were viewed on its merits, the Motion would be denied for the same reasons that the Court has granted the Defendants' Motions to Dismiss.  Many of the theories asserted by Plaintiffs' in their Motion have already been decided against them in previous actions.  Based on the foregoing, Plaintiffs' Motion for Summary Judgment [19] is **DENIED**.

**Motion to Defer Ruling on Defendants' Motions to Dismiss and Plaintiffs' Motion for Summary Judgment [21]**

Plaintiffs request that the Court defer ruling on Defendants' Motions to Dismiss and Plaintiffs' Motion for Summary Judgment to allow Plaintiffs time to engage in discovery.  However, based on the Court's foregoing rulings that Plaintiffs' claims are subject to dismissal as a matter of law, the Court concludes that additional discovery cannot be justified.  Therefore, Plaintiffs' Motion [21] is **DENIED**.

AO 72A
(Rev.8/82)

**Motion for Appointment of Counsel [22]**

Plaintiffs request that the Court appoint counsel to represent them in this proceeding.  However, for the same reasons stated by Judge Vineyard in denying their request in the Report and Recommendation, the Motion [22] is **DENIED**.  <u>See</u> Report & Recommendation [17] at n.10.

**Plaintiffs' Second Emergency Motion for an Injunction [24]**

Plaintiffs seek an emergency injunction barring state-court dispossessory proceedings.  Having found that this action is due to be dismissed, Plaintiffs are not able to meet the first requirement for a preliminary injunction; i.e., a substantial likelihood of success on the merits.  Therefore, the Motion [24] is **DENIED**.

**Plaintiffs' Motion for an Order to Show Cause Why This Court Should Not Refer Defendants' Actions in This Case for Criminal Prosecution [25] and Plaintiffs' Second Request for an Order to Show Cause [43]**

In this Motion, Plaintiffs request that the Court refer Defendants for criminal prosecution based upon the allegedly fraudulent assignment by MERS of the mortgage.  The Court has ruled that claims based on the assignment of the Mortgage are barred by *res judicata* or collateral estoppel.  Therefore, there is no basis in this action for referral for criminal prosecution and Plaintiffs' Motion [25] is **DENIED**.

7

**Motion for Financial Disclosure Statement of U.S. Magistrate Judge Vineyard [26]**

Asserting that Magistrate Judge Vineyard "may or may not have an investment in the TIAA-CREF Retirement Fund," Plaintiffs request that the most recent Financial Disclosure Statement of Magistrate Judge Vineyard be provided to Plaintiffs.  Motion [26] at 1.  As evidenced by Plaintiffs' Motion to Recuse the Undersigned [27], Plaintiffs are familiar with their right of access to financial disclosure statements through the Administrative Office of the United States Courts.  A request that Judge Vineyard provide a report as a part of this proceeding is not appropriate.  Moreover, as stated *supra*., recusal would not be required even if Judge Vineyard had an investment in the TIAA-CREF Retirement Fund because such an investment would not qualify as a "financial interest" under the recusal statute. 28 U.S.C. § 455.  Therefore, the Motion [26] is **DENIED**.

**Motion to Dismiss Plaintiffs' "Amendment to the Original Complaint" [29] and Motion to Strike Amended Complaint [35]**

Defendants move to dismiss/strike Plaintiffs's Proposed Amended Complaint [23].  Defendants point out that Plaintiffs fail to seek leave of Court to file their Amended Complaint.  Further, it appears that the claims that Plaintiffs wish to add are futile.  The first two claims are based on violations of

8

Georgia criminal statutes that do not give rise to civil causes of action.  <u>Ga. ex. rel. Saunders v. Mortg. Electronic Registration Sys., Inc.</u>, Civil Action No. 1:10-CV-3419-TWT-RGV, 2011 W.L. 1335824 *10 (N.D. Ga. March 11, 2011).  As Defendants point out, even if the criminal statutes provided a private cause of action, the allegations in the Amended Complaint would not support that cause of action.

The final claim in the Amended Complaint appears to be an effort by Plaintiffs to assert a claim under the Faire Debt Collection Practices Act ("FDCPA").  However, the FDCPA "applies only to debt collectors and not to creditors or mortgage servicers."  <u>Hennington v. Green Point Mortg. Funding, Inc.</u>, Civil Action No. 1:09-CV-676-RWS, 2009 W.L. 1372961, at *6 (N.D. Ga. May 15, 2009).  Plaintiffs fail to include allegations that would bring Defendants under the FDCPA.

For the reasons asserted by Defendants, Defendants' Motions [29 and 35] are **GRANTED**.

**<u>Plaintiffs' Motion to Admit Affidavit Testimony of Joseph R. Esquivel, Jr. [52]</u>**

Plaintiffs move the Court to admit the Affidavit of Joseph R. Esquivel, Jr. who has purportedly done research regarding Plaintiffs' mortgage.  Defendants

object to the Affidavit as untimely and inadmissible.  The Affidavit is clearly

untimely whether it is considered as a filing in conjunction with Plaintiffs'

Motion for Summary Judgment or in opposition to Defendants' Motions to

Dismiss.  On this ground alone, Plaintiffs Motion is due to the denied.  The

Court notes that the Affidavit is also of questionable admissibility.  Plaintiffs'

Motion [52] is therefore **DENIED**.

**Plaintiffs' Motion to Strike the Document Known as the "Assignment From the Record" as Uncorroborated and Admissible Hearsay [53]**

Plaintiffs move the Court to strike from the record the document referred

to as the "Assignment."  Once again, this is an effort by Plaintiffs to challenge

the validity of the assignment.  As has been stated, this issue has previously

been litigated, and Plaintiffs' assertions are barred by *res judicata* and collateral

estoppel.  Therefore, Plaintiffs' Motion [53] is **DENIED**.

**Plaintiffs' Request That the Court Take Judicial Notice of Defendants' Failure to Prove They Own the Plaintiffs' Mortgage [59]**

In this Motion, Plaintiffs are urging the Court to require Defendants to

produce the original Note in order to proceed with foreclosure.  However,

Courts have held that Georgia law does not require a lender commencing

foreclosure proceeding to produce the original note.  <u>Watkins v. Beneficial,

HSBC Mortg.</u>, Case No. 1:10-CV-1999-TWT-RGV, 2010 W.L. 4318898, at

**11-12 (N.D. Ga. September 2, 2010, *adopted at* 2010 W.L. 4312878.

Therefore, Plaintiffs' Motion [59] is **DENIED**.

## Conclusion

Based on the foregoing, the findings and conclusions of the Report and

Recommendation [17] are adopted by the Court, and thus, Plaintiffs'

Emergency Request for Preliminary Injunction [14] is **DENIED**, Defendants'

Motions to Dismiss Plaintiffs' Complaint [4 and 7] are **GRANTED** such that

all claims with respect to Defendant J.P. Morgan Chase Bank, N.A. are

**DISMISSED WITH PREJUDICE,** all claims against McCalla Raymer, LLC

and Wells Fargo Bank, National Association premised on Wells Fargo's alleged

lack of standing to foreclose are **DISMISSED WITH PREJUDICE,** and to the

extent Plaintiffs have attempted to allege any claims against McCalla Raymer

and Wells Fargo premised under any other theory, those claims are

**DISMISSED WITHOUT PREJUDICE**; Plaintiffs' Motion for Summary

Judgment [19] is **DENIED**; Plaintiffs' Motion to Defer Ruling on Defendants'

Motions to Dismiss and Plaintiffs' Motion for Summary Judgment [21] is

**DENIED**;  Plaintiffs' Motion for Appointment of Counsel [22] is **DENIED**;

Plaintiffs' Second Emergency Motion for an Injunction [24] is **DENIED**;

Plaintiffs' Motion for an Order to Show Cause Why This Court Should Not

AO 72A
(Rev.8/82)

Refer Defendants' Actions in This Case for Criminal Prosecution [25] is

**DENIED**; Plaintiffs' Motion for Financial Disclosure Statement of U.S.

Magistrate Judge Vineyard [26] is **DENIED**; Plaintiffs' Motion for Recusal and

Disqualification of Judge [27] is **DENIED**; Defendants' Motion to Dismiss

Plaintiffs' "Amendment to the Original Complaint" [29] is **GRANTED**;

Defendants' Motion to Disregard Plaintiffs' Surreply [34] is **GRANTED**;

Defendants' Motion to Strike Amended Complaint [35] is **GRANTED**;

Plaintiffs' Second Request for an Order to Show Cause [43] is **DENIED**;

Plaintiffs' Motion to Admit Affidavit Testimony of Joseph R. Esquivel, Jr. [52]

is **DENIED**; Plaintiffs' Motion to Strike the Document Known as the

"Assignment From the Record" as Uncorroborated and Admissible Hearsay

[53] is **DENIED**; and Plaintiffs' Request That the Court Take Judicial Notice of

Defendants' Failure to Prove They Own the Plaintiffs' Mortgage [59] is

**DENIED**.

      **SO ORDERED**, this __27th__ day of March, 2013.

                                      **RICHARD W. STORY**
                                    United States District Judge