IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON G. O'CONNOR and : <br> DAPHNE E. O'CONNOR, : <br>   : <br>   Plaintiffs, : <br>   : <br> v.   : <br>   : <br> WELLS FARGO BANK, National : <br> Association as Trustee for : <br> Certificateholders of Bear Stearns : <br> Asset Backed Securities I LLC, : <br> Asset Backed Certificates, Series : <br> 2007-AC2, et al., : <br>   : <br>   Defendants. : | CIVIL ACTION NO. <br> 1:12-CV-2525-RWS |

**ORDER**

This case comes before the Court on Plaintiffs' Motion for Reconsideration of Judgment [63], Verified Motion to Proceed on Appeal in Forma Pauperis [65], Motion for Required Joinder of Parties and Emergency Request for a TRO [70], and Application to Appeal in Forma Pauperis [72]. After reviewing the record, the Court enters the following Order.

**I.     Motion for Reconsideration of Judgment [63]**

Plaintiffs seek reconsideration of the Court's Order [61], adopting the Report and Recommendation [17] of Magistrate Judge Russell G. Vineyard and,

among other things, dismissing Plaintiffs' Complaint. Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

2

Plaintiffs' Motion for Reconsideration of Judgment [63] has not been presented for any of the purposes for which a motion for reconsideration is appropriate. It does not cite newly discovered evidence, a new development or change in controlling law, or a clear error of law or fact warranting the Court's reconsideration of its earlier Order. Accordingly, the motion is **DENIED**.

## II.     Motions to Appeal in Forma Pauperis [65], [72]

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915, which provides, in pertinent part, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). When it appears that a party's claims on appeal are frivolous, the appeal is not taken in good faith. Kapordelis v. Gainesville Surgery Center, No. 2:10-CV-69-RWS, 2011 WL 3924865, at *1-2 (N.D. Ga. Sept. 7, 2011). The Eleventh Circuit has defined a frivolous appeal to be one "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotes and citation omitted). See also Williams v. Lynch, No. 6:06-CV-1540-Orl-28KRS, 2007 WL 2330919, at *2 (M.D. Fla. Aug. 13, 2007) ("[A]n application to appeal in forma pauperis may be denied if it

3

appears—objectively—that the appeal cannot succeed as a matter of law." (internal quotes and citation omitted)).

For the reasons stated in the Report and Recommendation [17], Plaintiffs' Complaint was properly dismissed. Plaintiffs' appeal is without even arguable merit and therefore is frivolous. Accordingly, Plaintiffs' Motions to Appeal in Forma Pauperis are **DENIED**.

### III. Motion for Required Joinder of Parties and Emergency Request for a TRO [70]

Plaintiffs' Motion for Required Joinder of Parties and Emergency Request for a TRO are **DENIED**. A final judgment has been entered in this case, dismissing Plaintiffs' Complaint in its entirety. The relief Plaintiffs request therefore is untimely. Moreover, Plaintiffs have failed to articulate any legal or factual basis upon which such relief should be granted.

### Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Reconsideration of Judgment [63], Motions to Appeal in Forma Pauperis [65], [72], and Motion for Required Joinder of Parties and Emergency Request for a TRO [70] are **DENIED**.

**SO ORDERED**, this  17th  day of May, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)